JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SCREEN ACTORS GUILD-
AMERICAN FEDERATION OF
TELEVISION AND RADIO
ARTISTS, a non-profit corporation, as
successor-in-interest to SCREEN
ACTORS GUILD, INC., on behalf of
Affected Performers,

　　　　　Petitioner,

v.

DOXIE PRODUCTIONS, LLC, and
FIRST TAKE PRODUCTIONS, INC.,

　　　　　Respondents.

Case No.  CV12-09853 DMG (AGRx)

**ORDER AND JUDGMENT**

　　　　Petitioner, Screen Actors Guild-American Federation of Television and Radio Artists, filed its Motion for Order Confirming Arbitration Award and for Entry of Judgment on November 16, 2012 [Doc. # 1].  Petitioner filed Proof of Service on November 20, 2012, stating that it served Respondents Doxie Productions, LLC, and First Take Productions, Inc., by first class mail on November 19, 2012 [Doc. # 4].  Neither Respondent has appeared before the Court

[PROPOSED] JUDGMENT

1   or otherwise opposed the Motion.[1]

2       The Court's review of an arbitration award under Section 301 of the Labor-

3   Management Relations Act, 9 U.S.C. § 185, is "extremely limited," and courts

4   ordinarily defer even more to arbitrators' decisions in labor cases than in the

5   ordinary commercial context. *New United Motor Mfg., Inc. v. United Auto*

6   *Workers Local 2244*, 617 F. Supp. 2d 948, 953 (N.D. Cal. 2008) (citing *Sheet*

7   *Metal Workers Int'l Ass'n, Local No. 359, AFL-CIO v. Arizona Mechanical &*

8   *Stainless, Inc.,* 863 F.2d 647, 653 (9th Cir.1988)).  Under this highly deferential

9   standard, "[a]n award is legitimate so long as it 'draws its essence' from the

10   collective bargaining agreement and does not 'manifest an infidelity' to the

11   agreement." *Carpenters 46 N. California Cties. Conf. Bd. v. Meddles*, 535 F.

12   Supp. 775, 778 (N.D. Cal. 1981) (quoting *Riverboat Casino, Inc. v. Local Joint*

13   *Exec. Bd. of Las Vegas*, 578 F.2d 250, 251 (9th Cir. 1978)).  If an arbitration award

14   represents a plausible interpretation of the contract in light of the parties' conduct,

15   the Court must affirm the award. *Id.*

16       Having considered all of the pleadings and arguments submitted by

17   Petitioner in connection with this Motion, the Court finds that the arbitration

18   awards are consistent with the parties' contractual agreements.  Accordingly, the

19   Court will confirm the awards.

20       Petitioner also seeks attorney's fees and costs. *See Phoenix Newspapers,*

21   *Inc. v. Phoenix Mailers Union Local 752, Int'l Brotherhood of Teamsters*, 989 F.2d

22   1077, 1084 (9th Cir. 1993) ("an unjustified refusal to abide by an arbitrator's award

23   may equate [with] an act taken in bad faith" and justify an award of attorney's fees)

24   (citing *Int'l Union of Petroleum and Indus. Workers v. Western Indus.*

---

[1] Petitioner attempted to contact Respondents in writing and by telephone prior to filing the Motion.  (Declaration of Delia N. Ochoa, ¶ 21, Exh. H [Doc. #1].)  Counsel for Respondent Doxie Productions contacted Petitioner and conveyed his client's inability to pay the amounts owed.  (*Id.*)  Petitioner was unable to confer with Respondent First Take because its last known telephone number was no longer in service.  (*Id.*)

[PROPOSED] JUDGMENT

*Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983)).  The Court finds that an award of attorney's fees is appropriate and that the amount sought is reasonable under the circumstances.

In light of the foregoing, **IT IS HEREBY ORDERED** that judgment be entered in this case as follows:

1.    The arbitration awards in favor of Screen Actors Guild-American Federation of Television and Radio Artists, as successor-in-interest to Screen Actors Guild, Inc. ("SAG-AFTRA") and against Respondents Doxie Productions, LLC and First Take Productions, Inc., Union Case No. TM 3863 and TM 3131, dated November 17, 2008 and March 6, 2009 respectively, are confirmed in all respects.

2.    Doxie Productions, LLC is ordered to pay as follows:

(a)    To Screen Actors Guild-American Federation of Television and Radio Artists, on behalf of affected performers, the sum of $327,136.96;

3.    Doxie Productions, LLC and First Take Productions, Inc., with joint and several liability, are ordered to pay as follows:

(a)    To Screen Actors Guild-American Federation of Television and Radio Artists, on behalf of affected performers, the sum of $90,097.38;

(b)    To Screen Actors Guild-American Federation of Television and Radio Artists for its attorney's fees incurred in this action, the sum of $2,400.00; and

(c)    To Screen Actors Guild-American Federation of Television and Radio Artists for its costs incurred in this action, the sum of $350.00.

4.    Screen Actors Guild-American Federation of Television and Radio Artists is hereby granted an assignment of Doxie Productions, LLC's and First

[PROPOSED] JUDGMENT

1   Take Productions, Inc.'s accounts receivable from the distribution, exhibition,

2   exploitation or other use of the motion picture entitled *Mikey and Dolores aka*

3   *Baby O* anywhere in the world until the amounts due are paid in full.

4        5.      SAG-AFTRA is authorized to engage in any of the remedial actions

5   provided for in the Security Agreement.

6        6.      The parties are to split any arbitrator fees.

7

8

9   Dated:  January 10, 2013

10   _____

11                    DOLLY M. GEE
     UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JUDGMENT